Dear Mr. Ranatza:
You have asked this office to advise you whether the Louisiana State Museum Police are "peace officers" as defined in R.S. 40:2402.[1]
At the outset, note that we find no authority for the Louisiana State Museum Board to create a law enforcement force under the provisions governing that entity, R.S. 25:341, etseq. However, R.S. 49:149, et seq., creates the capitol police force which "shall be responsible for maintaining general order and exercising reasonable police power on the property of the state of Louisiana under the supervision of the superintendent of state buildings and grounds, and on the property comprising the state capitol complex." See R.S. 149.1(A).
These officers are "peace officers" for purposes of R.S.40:2402, as R.S. 49:149.2 states:
 § 149.2. Capitol police constituted as peace officers; bond; jurisdiction
 When discharging their duties on said state property or on the state capitol complex, capitol police are hereby constituted as peace officers with the right to exercise the power of arrest and the power to transfer arrested persons to the sheriff of the parish wherein the arrest was made and shall have the authority to carry weapons at all such times. Such persons, officers, or guards shall be bonded in the amount of ten thousand dollars in the exercise of their functions and the premiums on such bonds shall be paid from the budget of the superintendent of state buildings and grounds.
 However, nothing herein shall be construed so as to limit the jurisdiction of the capitol police to only those buildings and grounds under the supervision of the superintendent of the state buildings and grounds or the state capitol complex, but such jurisdiction shall extend to all state owned or leased buildings and grounds when requested by a state agency in or on such property. (Emphasis added).
R.S. 49:149.2 states that the jurisdiction of the capitol police extends to all state owned buildings when requested by a state agency such as the State Museum.
Our conclusion is in accord with Opinion 80-892, in which we responded to a similar request:
 You indicate in your letter that the State Museum has a need for additional security and is particularly interested in having a security force with law enforcement capabilities. Inasmuch as this office is of the opinion that the Museum does not have authority to create such a force pursuant to LSA-R.S. 56:1689, we direct your attention to LSA-R.S. 49:149-149.5.
 LSA-R.S. 49:149 creates the capitol police force and provides that the members of that force are to be appointed by the superintendent of state buildings. Members of the capitol police force are peace officers who are "responsible for maintaining general order and exercising reasonable police power on the property of the state of Louisiana, . . . nothing herein shall be construed so as to limit the jurisdiction of the capitol police to only those buildings and grounds under the supervision of the superintendent of the state buildings and grounds, but such jurisdiction shall extend to all state-owned or leased buildings and grounds when requested by a state agency in or on such property." LSA-R.S. 49-149.2.
 We suggest that you approach the office of the superintendent of state buildings with your request for security personnel.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
OPINION NUMBER 80-892 Mr. Robert R. Macdonald Attorney General of Louisiana — Opinion. July 17, 1980
60 — LAW OFFICERS — AUTHORITY JURISDICTION
109 — STATE — EMPLOYEES DEPT. R.S. 56:1681 — 1810 are not authority for Museum Police Officers to be commissioned law enforcement officers.
Museum Board advised to app for Capitol Police Officers pursuant to R.S. 49:149-149
R.S. 49:149 — 149.5.
R.S. 56:1681 — 1810
R.S. 36:207 208
EAVELYN T. BROOKS
Mr. Robert R. Macdonald Director Louisiana State Museum 751 Chartres Street New Orleans, Louisiana 70116
Dear Mr. Macdonald:
Your opinion request of July 10, 1980, addressed to Attorney General Guste was referred to me for reply.
You ask if Louisiana Revised Statutes 56:1681-1810 permit the Museum Board to create a force of commissioned law enforcement officers. It is the opinion of this office that these statutes are inapplicable to the Louisiana State Museum Board.
It is true, as you point out in your letter, that both the Louisiana State Museum Board and the State Parks and Recreation Commission were transferred to the Department of Culture, Recreation and Tourism by the Executive Reorganization Act of 1977. However, LSA-R.S. 36:207 and 208 of that Act provide that the State Museum Board and the State Parks Commission shall each retain their separate identities and functions. Thus, a specific legislative grant of authority to one does not apply to the other merely because they are in the same Department.
You indicate in your letter that the State Museum has a need for additional security and is particulary interested in having a security force with law enforcement capabilities. Inasmuch as this office is of the opinion that the Museum does not have authority to create such a force pursuant to LSA-R.S.56:1689, we direct your attention to LSA-R.S. 49:149-149.5.
LSA-R.S. 49:149 creates the capitol police force and provides that the members of that force are to be appointed by the superintendent of state buildings. Members of the capitol police force are peace officers who are:
 responsible for maintaining general order and exercising reasonable police power on the property of the state of Louisiana, . . . nothing herein shall be construed so as to limit the jurisdiction of the capitol police to only those buildings and grounds under the supervision of the superintendent of the state buildings and grounds, but such jurisdiction shall extend to all state-owned or leased buildings and grounds when requested by a state agency in or on such property. LSA-R.S. 49:149.2.
We suggest that you approach the office of the superintendent of state buildings with your request for security personnel.
If this office can be of further assistance to you or to the Museum Board, please contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 EAVELYN T. BROOKS Staff Attorney
60 Law Officers — Enforcement Jurisdiction
LSA-R.S. 40:2402
The Louisiana State Museum Board lacks authority to create a law enforcement force under the statutory provisions governing that entity. However, state law creates the capitol police force which has police authority over state buildings; these officers are considered "peace officers" for purposes of R.S. 40:2402.
Mr. Michael A. Ranatza Executive Director Louisiana Commission on Law Enforcement 1885 Wooddale Blvd., Room 1230 Baton Rouge, Louisiana 70806-1511
Date Received: Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] LSA-R.S. 40:2402 defines "peace officer" as follows:
(1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of the law enforcement department.